UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

LOUIS BUENO

    Plaintiff                                     Case No.

v.

                                           **COMPLAINT and**
                                           **JURY DEMAND**

LVNV FUNDING L.L.C.

    Defendant

## INTRODUCTION

Plaintiff, Louis Bueno, brings this action to secure redress against unlawful collection practices by Defendant LVNV Funding, LLC, which practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act, M.C.L, ¶ 445.251 *et seq.*

1. Specifically, Plaintiff complains that Defendant filed a collection action against him when that action was barred by the statute of limitations.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 15 U.S.C. §1692k (FDCPA). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

3. Venue in this district is proper because the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff, Louis Bueno, is an individual who resides in the city of Holland, Michigan, in

the Western District of Michigan.

5. Defendant LVNV Funding LLC ("LVNV") is a Delaware limited liability company. The registered agent for LVNV is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. LVNV is engaged in the business of purchasing and collecting defaulted and charged off consumer debts. LVNV uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. LVNV regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. LVNV is a "debt collector" as the term is defined and used in the FDCPA.

7. LVNV is a "regulated person" as the term is defined and used in the MCPA .

## FACTUAL ALLEGATIONS

8. On or about September 22, 2015 , Defendant filed a civil action against the Plaintiff in the 58th District Court in Holland, Michigan, case No. HL 15 44133 GC.

9. Defendant's state court collection suit was filed in attempt to collect money allegedly due on a Sears account with Citbank. The debt allegedly owed by the Plaintiff was incurred primarily for personal, family or household purposes and was a "debt" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(5).

10. The alleged debt was assigned to the Defendant after it was in default.

11. A copy of the summons and complaint filed by the Defendant in the state court collection lawsuit is attached hereto as Exhibit 1.

12. The state court collection action was subject to the six year statute of limitation at M.C.L. 600.5807(8).

13. At the time that Defendant filed the lawsuit, the applicable statute of limitations had expired and Defendant had no reason to believe that the statute had been tolled.

14. Plaintiff has been disabled and in ill health for at least three years. He has had several heart attacks, has suffered from depression and stress related symptoms. Plaintiff is acutely sensitive to stress.

15. As a result of Defendant's violations of the FDCPA and the MCPA described above, Plaintiff has suffered increased stress and anxiety.

## COUNT 1, FDCPA

16. Plaintiff incorporates the previous paragraphs by reference.

17. Defendant's filing of a time barred suit in attempt to collect a debt was unconscionable and unfair, in violation of 15 U.S.C. § 1692f

18. Defendant's filing of a time barred suit was a false and deceptive representation made in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

WHEREFORE, Plaintiff requests:

A. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined by the court.

B. Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692k(a)(2).

C. Costs of this action and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT 2, M.C.P.A.

19. Plaintiff incorporates the previous paragraphs by reference.

20. Defendant's filing of a time barred suit in attempt to collect a debt was an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt in violation of the Michigan Collection Practices Act, M.C.L. ¶ 445.202(e).

21. Defendant's filing of a time barred suit in attempt to collect a debt was a misrepresentation of the legal status of a legal action being taken and the legal rights of the creditor or debtor in violation of the Michigan Collection Practices Act, M.C.L. ¶ 445.202(f).

WHEREFORE, Plaintiff requests:

A. Three times actual damages pursuant to M.C.L. 445.257(2).

B. Statutory damages in the amount of $150.00 pursuant to 15 U.S.C. §1692k(a)(2).

C. Costs of this action and reasonable attorney fees pursuant to M.C.L. 445.257(2).

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated March 15, 2016          /s/ Michael O. Nelson  
Michael O. Nelson P23546  
Attorney for plaintiff  
1104 Fuller NE  
Grand Rapids, MI 49503  
(616) 559-2665  
Mike@mnelsonlaw.com